## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOSHUA NICKOLAS BORIS,

     Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION SERVICES LLC; 1ST FRANKLIN FINANCIAL CORPORATION; and JAMES A. WALTERS MANAGEMENT COMPANY,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, JOSHUA NICKOLAS BORIS (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"; 1ST FRANKLIN FINANCIAL CORPORATION (hereinafter "1st Franklin"); and JAMES A. WALTERS MANAGEMENT COMPANY (hereinafter "Walters Management") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## **PRELIMINARY STATEMENT**

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Defendants' principal addresses are in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Morgan County in the State of Alabama. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     1ˢᵗ Franklin is a corporation headquartered at 135 E. Tugalo Street in Toccoa, Georgia 30577.

14.     1ˢᵗ Franklin is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.     1ˢᵗ Franklin furnished information about Plaintiff to Equifax that was inaccurate.

16.     Walters Management is a corporation headquartered at 718 Green Street in Gainesville, Georgia 30501.

17.     Walters Management is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     Walters Management furnished information about Plaintiff to Equifax that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

20.     Upon information and belief, Plaintiff is a victim of identity theft.

21.     In or about early 2024, Plaintiff first became aware of accounts which did not belong to him appearing in his credit file.

22.     Shortly thereafter, Plaintiff attempted to contact the furnishers directly to get the erroneous accounts removed.

23.     On or about May 14, 2024, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff observed the following accounts which did not belong to him.

| Creditor | Account | Status |
|---|---|---|
| 1st Franklin | x2802 | Not more than three payments past due; balance $1,759 |
| Credit Central LLC | x3414 | Not more than four payments past due; balance $1,491 |
| Regional Finance | x8895 | Not more than three payments past due; balance $1,693 |
| Walters Management | x3509 | 120 days past due; balance $938 |
| World Acceptance Corp. | x9901 | Not more than four payments past due; balance $1,985 |

24.     On or about May 20, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 172977960. In this report, he explained that he was a victim of identity theft and that the aforementioned accounts listed in his credit report did not belong to him.

25.     Due to the inaccurate reporting, on or about July 9, 2024, Plaintiff mailed a detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft and that the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and recent insurance billing statement in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

26.     Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 7021 2720 0001 8690 8506.

27.     On or about July 19, 2024, Plaintiff received a response from Equifax which stated it would not be blocking his information, and a second response which requested two forms of identification despite Plaintiff having provided his current driver's license and recent insurance billing statement.

28.     Despite confirmation of delivery, Plaintiff did not receive dispute results from Equifax. However, upon review of his updated credit report, Plaintiff observed the following as to the erroneous accounts.

| Creditor | Account | Status |
|----------|---------|--------|
| 1st Franklin | x2802 | Still reported; "consumer disputes after resolution" |
| Credit Central LLC | x3414 | Removed |
| Regional Finance | x8895 | Removed |
| Walters Management | x3509 | Still reported |
| World Acceptance Corp. | x9901 | Removed |

29.     Plaintiff provided enough information to Equifax to identify his file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

30.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

31.     Equifax never attempted to contact Plaintiff during the alleged investigation.

32.     Upon information and belief, Equifax notified 1st Franklin of Plaintiff's dispute. However, 1st Franklin failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33.     Upon information and belief, Equifax notified Walters Management of Plaintiff's dispute. However, Walters Management failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

34.     Due to the continued inaccurate reporting, on or about July 9, 2024, Plaintiff submitted online a second detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff reiterated he was a victim of identity theft and that 1st Franklin, partial account number ending in x2802; and Walters Management, partial account number ending in x3509; did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and recent insurance billing statement in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

35.     On or about September 11, 2024, Plaintiff received dispute results from Equifax which stated 1st Franklin, partial account number ending in x2802, was verified as accurate. Further, the dispute results stated Walters Management, partial

account number ending in x3509, was now listed as Service Loan Company Huntsville and was verified as accurate.

36.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

37.    Equifax never attempted to contact Plaintiff during the alleged investigation.

38.    Upon information and belief, Equifax notified 1st Franklin of Plaintiff's dispute. However, 1st Franklin failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

39.    Upon information and belief, Equifax notified Walters Management of Plaintiff's dispute. However, Walters Management failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax continues to inaccurately report the erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

41.   Equifax has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

42.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

43.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

   iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

   iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

44.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

45.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

46.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

47.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

48.    Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

49.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

50.    Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

51.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

52.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

53.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

11

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

54.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

55.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

57.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

58.     Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

59.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

60.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

61.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

62.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

63.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

64.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

65.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

66.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

67.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

68.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

71.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

72.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

73.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft or a mixed file. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

75.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

79.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

80.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

81.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

82.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VI</u>
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

86.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

87.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

88.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

89.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, 1ˢᵗ Franklin Financial Corporation (Negligent)**

92.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

93.     1ˢᵗ Franklin furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

94.     After receiving Plaintiff's disputes, 1ˢᵗ Franklin violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

95.     Plaintiff provided all the relevant information and documents necessary for 1st Franklin to have identified that the account was erroneous.

96.     1st Franklin did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to 1st Franklin by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

97.     1st Franklin violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

98.     As a direct result of this conduct, action, and/or inaction of 1st Franklin, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

99.   The conduct, action, and inaction of 1st Franklin was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

100.   Plaintiff is entitled to recover costs and attorney's fees from 1st Franklin in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual damages against Defendant, 1ST FRANKLIN FINANCIAL CORPORATION; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, 1st Franklin Financial Corporation (Willful)

101.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

102.   1st Franklin furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

103.   After receiving Plaintiff's disputes, 1st Franklin violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

104.   Plaintiff provided all the relevant information and documents necessary for 1st Franklin to have identified that the account was erroneous.

105.   1st Franklin did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to 1st Franklin by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

106.   1st Franklin violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

107.   As a direct result of this conduct, action, and/or inaction of 1st Franklin, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

108.   The conduct, action, and inaction of 1st Franklin was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

109.   Plaintiff is entitled to recover costs and attorney's fees from 1st Franklin in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, 1ST FRANKLIN FINANCIAL CORPORATION; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, James A. Walters Management Company (Negligent)

110.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

111.   Walters Management furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

112.   After receiving Plaintiff's disputes, Walters Management violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

113.   Plaintiff provided all the relevant information and documents necessary for Walters Management to have identified that the account was erroneous.

114.   Walters Management did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Walters Management by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

115.   Walters Management violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

116.   As a direct result of this conduct, action, and/or inaction of Walters Management, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and inaction of Walters Management was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

118.   Plaintiff is entitled to recover costs and attorney's fees from Walters Management in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual damages against Defendant, JAMES A. WALTERS MANAGEMENT COMPANY; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT X**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, James A. Walters Management Company (Willful)**

119.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

120.    Walters Management furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

121.    After receiving Plaintiff's disputes, Walters Management violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

122.    Plaintiff provided all the relevant information and documents necessary for Walters Management to have identified that the account was erroneous.

123.    Walters Management did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Walters Management by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence

and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

124.   Walters Management violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

125.   As a direct result of this conduct, action, and/or inaction of Walters Management, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and inaction of Walters Management was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

127.   Plaintiff is entitled to recover costs and attorney's fees from Walters Management in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JAMES A. WALTERS MANAGEMENT COMPANY; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSHUA NICKOLAS BORIS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; 1ST FRANKLIN FINANCIAL CORPORATION; and JAMES A. WALTERS MANAGEMENT COMPANY, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of September 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933

Tav@theconsumerlawyers.com
*Attorney for Plaintiff*